NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0423n.06

No. 11-3717

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 17, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MATTHEW DAVISON, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Matthew Davison pled guilty to one count of possessing a non-registered firearm in violation of 26 U.S.C. §§ 5861(d), 5871. On June 28, 2011, he was sentenced to 120 months of imprisonment, to be followed by three years of supervised release. Davison filed a timely appeal from that judgment.

Davison was arrested after sheriff's deputies found a 9mm pistol in Davison's waistband during a pat-down search. During a warrant-based search of Davison's residence, deputies found seventy-two firearms, including an unregistered shotgun, the possession of which formed the basis of Davison's conviction.

Davison argues that his sentence is procedurally unreasonable because the district court relied on facts that were not contained in his presentence report and that were not related to him or his current offense. In reviewing this argument, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors,

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Davison relies on the following exchange that took place between the district court and the prosecutor at his sentencing hearing:

> THE COURT: Could you refresh my memory how this all came to your attention?
>
> MR. DOMINGUEZ: Your Honor, it boils in together with another case . . . which involved a law enforcement officer being shot. But the facts and circumstances surrounding this case is [*sic*] on the date of the offense alleged in Count 1, Mr. Davison and I believe his son was in a vehicle . . . . Law enforcement officers . . . saw some suspicious activity and what appeared to be Mr. Davison injecting his son with what was later determined to be heroin. A weapon was found on his person, some investigation ensued, information was developed based on intelligence in the other case where a firearm was found in Mr. Rauch's residence. And the two cases running together -- as Mr. Rauch is alleged to have shot a law enforcement officer with a firearm. Those cases were taken seriously by the ATF, and that's why we're here today.

Davison argues that it was improper for the prosecutor to introduce these facts and that it was error for the district court to rely on them. However, the prosecutor was merely responding to the district court's inquiry, and the court later clarified the prosecutor's response as follows:

> THE COURT: So the other case is related how? Did one of his firearms wind up being a firearm used to shoot the officer?
>
> MR. DOMINGUEZ: No, Your Honor. But one or more of his firearms were found in a house which had over a hundred firearms, several rounds of ammunition, that type of thing. . . .

The prosecutor plainly advised the court that Davison's firearms had not been used in the officer's shooting and there was no further mention of the shooting during the sentencing hearing. Instead, the court properly considered the sentencing guideline range and the other sentencing factors that are listed in section 3553(a). There is nothing in the record to show that the district court relied on the prosecutor's reference to the shooting when it determined Davison's sentence.

The district court's judgment is affirmed.